# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**JERRY LEON NUNN, JR.**                                                                         **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 4:07CV-P126-M**

**CHAD PAYNE** *et al.*                                                              **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Jerry Leon Nunn, Jr., filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Eighth Amendment individual capacity claim for damages against Defendant Chad Payne will continue and all other claims will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is currently incarcerated in the Hopkins County Jail, but the allegations in his complaint occurred during his incarceration at the Daviess County Detention Center ("DCDC"). Seeking damages and injunctive relief, Plaintiff sues DCDC Deputy Jailer Chad Payne and Lieutenant Bill Billings in their official and individual capacities.

Plaintiff claims that Defendant Payne sexually harassed and physically assaulted him following a shakedown search on August 7, 2007. Following this incident, Plaintiff received a write-up resulting in his placement in segregation and termination from the "S.A.P."[1] Plaintiff reports that when he went before Defendant Billings on August 14, 2007, "I continued to plead my case [but Billings] continued to call me a liar. [Billings] said that the write-up didn't matter and that if I signed it he would put me back in population and I could return to program."

---

[1] While Plaintiff does not so specify, the Court presumes he is referencing the Substance Abuse Program.

Plaintiff claims that "by telling me this [Billings] coerced me into signing said write-up and this has greatly hurt my changes for parole because I can't finish the program."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.     Official capacity claims**

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official capacity claims against Defendants Payne and Billings, therefore, are actually against Daviess County.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).  A municipality such as Daviess County, however, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *See Monell*, 436 U.S. at 691.  Simply stated, to present a viable claim, Plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993)

(quoting *Coogan v. Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). Here, Plaintiff has not alleged that either Defendant's actions were part of any policy or custom. As such, his official capacity claims against Defendants Payne and Billings must be dismissed.

**B.     Individual capacity claims**

    **1. Injunctive relief**

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir.1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996) (same). Here, Plaintiff requests that Defendants Payne and Billings, the alleged sources of his plaints, be terminated. However, Plaintiff is no longer incarcerated at the Daviess County Detention Center, where those officers are employed. Therefore, it is clear that Plaintiff would derive no benefit from granting the requested relief, and his claim for injunctive relief must be dismissed.

    **2. Damages**

        **a. Lieutenant Billings**

Plaintiff claims that Defendant Billings's coercion during the prison disciplinary process resulted in Plaintiff's permanent termination from the S.A.P., which "greatly hurt [his] chances for parole." The Court construes this claim as a Fourteenth Amendment due process claim.

Prisoners have no inherent constitutional right to parole. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Additionally, the Commonwealth of Kentucky has not created a liberty interest in

parole. *See* Ky. Rev. Stat. Ann. § 439.340(1) ("The board *may* release on parole such persons confined in any adult state penal or correctional institution of Kentucky as are eligible for parole." (emphasis added)); *see also Belcher v. Ky. Parole Bd.*, 917 S.W.2d 584, 586 (Ky. App. 1996) (holding that "'[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence . . . . [T]he conviction, with all its procedural safeguards, has extinguished that liberty right" (citation and internal quotations omitted)). Instead, Kentucky considers parole a "privilege," and granting parole is deemed a "grace or gift" for individuals, whom the Parole Board deems eligible. *Stewart v. Commonwealth*, 153 S.W.3d 789 (Ky. 2005) (citing *Commonwealth v. Polsgrove*, 231 Ky. 750, 22 S.W.2d 126 (1929) and *Lynch v. Wingo*, 425 S.W.2d 573, 574 (Ky. 1968)).

Further, participation in a rehabilitative program, such as the S.A.P., "is a privilege that the Due Process Clause does not guarantee." *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). And the fact that an inmate's refusal or inability to participate in the S.A.P. may have a negative impact on his opportunity to meet the parole board is a collateral consequence of his incarceration and is likewise insufficient to create a liberty interest. *See Sandin v Conner*, 515 U.S. 472, 487 (1995) (where the Court concluded that the possibility that Conner's confinement in disciplinary segregation would affect when he was ultimately released from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause"); *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995) ("The loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of Luken's custodial status.").

Because Plaintiff has shown no liberty interest in parole or in participation in or completion of the S.A.P., he has failed to state a valid Fourteenth Amendment claim against Defendant Billings, and that claim must be dismissed.

### b. Deputy Jailer Payne

Plaintiff claims that Defendant Payne sexually harassed and physically assaulted him. The Court construes this claim as being brought under the Eighth Amendment and will allow that claim to proceed against Defendant Payne in his individual capacity for damages. In permitting this claim to proceed, the Court passes no judgment on the merit and ultimate outcome of the action.

The Court will enter a separate Scheduling Order governing the development of the continuing claim and will enter a separate Order dismissing all other claims.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.005