UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**JERRY LEON NUNN, JR.**                                                        **PLAINTIFF**

**v.**                         **CIVIL ACTION NO. 4:07CV-P126-M**

**CHAD PAYNE** *et al.*                         **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's motion to dismiss (DN 28) and supplemental motion to dismiss (DN 30) for failure to prosecute under Fed. R. Civ. P. 41(b) and Defendant's motion for summary judgment (DN 27) pursuant to Fed. R. Civ. P. 56. Upon review of the record, the Court will grant the motions to dismiss and deny the motion for summary judgment as moot.

Plaintiff filed this civil-rights action while incarcerated at the Fulton County Detention Center. By Memorandum Opinion entered August 28, 2008, the Court, on initial review of the complaint under 28 U.S.C. § 1915A, allowed the Eighth Amendment, individual-capacity claim for damages to proceed against Defendant Chad Payne (DN 12). Also on August 28, 2008, the Court entered a Scheduling Order (DN 14), setting discovery, pretrial memoranda, and dispositive motion deadlines. Shortly thereafter, in October 2008, Plaintiff filed a motion for appointment of counsel, wherein he notified the Court of his transfer to the Hopkins County Detention Center (DN 20). That was Plaintiff's last filing and last contact with this Court in this action. Plaintiff failed to file a pretrial memorandum by February 13, 2009, in compliance with the Scheduling Order, and the copy of the Court's April 9, 2009, Order (granting Defendant an extension of time to file dispositive motions) sent to Plaintiff was returned to the Court by the United States Postal Service marked "Return to Sender" (DN 26). Plaintiff failed to respond to Defendant's motions to dismiss

and for summary judgment, and Defendant filed a Notice indicating that his dispositive motions were returned by the United States Postal Service marked "'Return to Sender'" (DN 29).

The record reflects that Plaintiff has taken no action in this case since October 2008, and he has not provided any forwarding address to the Court. Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. Under Local Rule 5.2(d), "All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." The Court warned Plaintiff of this fact in its Scheduling Order entered August 28, 2008. The Court finds that, for all intents and purposes, Plaintiff has abandoned any interest in prosecuting this action, warranting dismissal of his claim against Defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) ("[A] case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.").

Consequently, by separate Order, the Court will grant Defendant's motion and supplemental motion to dismiss and will deny his motion for summary judgment as moot.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.005